**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| SIGMA SWITCHES PLUS, INC.,<br>        Plaintiff,<br><br>v.<br><br>ABC MARKETING, INC.,<br>              Defendant. | Case No. 3:25-cv-888 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Sigma Switches Plus, Inc. ("Plaintiff" or "Sigma"), by and through the undersigned counsel, files this Complaint for Patent Infringement against ABC Marketing, Inc. ("Defendant" or "ABC"), and hereby alleges as follows:

### NATURE OF THE ACTION

1.       This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., seeking damages, injunctive and other relief under 35 U.S.C. § 281 *et seq*.  Plaintiff's claims are based on the unauthorized and infringing manufacture, importation, use, sale, and/or offer for sale by Defendant, ABC, of LED lighting fixtures.

### THE PARTIES

2.       Plaintiff, Sigma Switches Plus, Inc., is a domestic for-profit corporation organized and existing under the laws of the State of Indiana and having a principal place of business at 4703 Wyland Drive, ELKHART, IN, 46516, USA

3.       Defendant, ABC Marketing, Inc. ("ABC"), is a domestic for-profit corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 4800 Eastland Dr., ELKHART, IN 46516

4.       ABC sells the accused LED lighting fixtures in the Northern District of Indiana.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement of United States Patent No. 12,181,127 ("the '127 patent"), 12,276,396 ("the '396 patent"), 12,352,411 ("the '411 patent"), and 12,352,412 ("the '412 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Defendant made, used, offer for sale, and/or sold infringing products which are the subject of the patent infringement cause of action set forth herein.

8.      Defendant has committed acts of patent infringement, including making, offering for sale, or selling infringing products within this judicial District.

9.      This Court has personal jurisdiction over Defendant.

10.     Defendant does and has done substantial business in this District by selling products in this District, including those that infringe the '127, '396, '411, and '412 patents.  Defendant has committed, and will continues to commit, acts of patent infringement in this District by direct sales and sales through intermediaries.

11.     Venue is proper in this Court under 28 U.S.C. § 1400 because Defendant ABC is incorporated in this District.

## FACTUAL BACKGROUND

12.     On December 31, 2024, the United States Patent and Trademark Office duly and legally issued the '127 patent titled "LED Light Holder System."  A true and correct copy of the '127 patent is attached to this Complaint as *Exhibit A*.

13.     On April 15, 2025, the United States Patent and Trademark Office duly and legally

issued the '396 patent titled "LED Light Holding System."  A true and correct copy of the '396 patent is attached to this Complaint as *Exhibit B*.

14.    On July 8, 2025, the United States Patent and Trademark Office duly and legally issued the '411 patent titled "LED Light Holding System."  A true and correct copy of the '411 patent is attached to this Complaint as *Exhibit C*.

15.    On July 8, 2025, the United States Patent and Trademark Office duly and legally issued the '412 patent titled "LED Light Holding System."  A true and correct copy of the '412 patent is attached to this Complaint as *Exhibit D*.

16.    The '127, '396, '411, and '412 patents have not been found invalid by any court or agency.

17.    Plaintiff owns the '127, '396, '411, and '412 patents and holds rights to sue and recover damages for infringement thereof, including past infringement.

18.    Plaintiff currently makes, sells, and distributes LED light holding systems covered by the '127, '396, '411, and '412 patents.

19.    Defendant made, used, sold, and/or offered an LED light holding system for sale that infringes one or more claims of the '127, '396, '411, and '412 patents, including, but not limited to the LineLite Track shown below:



20.    Defendant ABC made the LED light holding system available throughout the

United States, including this District, through Defendant ABC's website:

https://www.abcmktginc.com.

21.     The "Accused Product" is defined generally to include an LED light holding system comprised of one or more of the following products manufactured, marketed, distributed, offered for sale, or sold by Defendant or Defendant's customers or distributors, in combination with a retaining strip:

        a.      The LineLite Track

        b.      The End Cap

22.     The "Accused Product" is defined specifically for each of Plaintiff's patents, to reflect the limitations contained in each patent.

23.     Defendant ABC is a product developer and the contact for "Stellar Lighting."

24.     By clicking "Stellar Lighting" under the "Companies" tab from Defendant ABC's homepage referenced above, opened a webpage (https://www.abcmktginc.com/stellar-lighting) on ABC's website describing the "rapidly growing lighting line that was developed by ABC Marketing."

25.     When on the above-referenced webpage (https://www.abcmktginc.com/stellar-lighting), clicking "LED Lighting" under the "Products" tab opens the same webpage for "Stellar Lighting."

26.     Clicking "Visit Website" under "Stellar Lighting by ABC Marketing" on the Stellar Lighting webpage (https://www.abcmktginc.com/stellar-lighting) via ABC's companies tab opens a website for Stellar Lighting (https://www.stellar-lighting.com/) which advertises "Industrial and automotive-style LED lighting for your vehicle."

27.     The above-referenced website for Stellar Lighting advertised "new products,"

"LineLite/Undermount Lights" and "LineLite Track."

28.    Clicking on "LineLite Track" towards the bottom of the Stellar Lighting website opened a webpage (https://www.stellar-lighting.com/LineLite-Track) which included pictures of the "LineLite Track."

29.    Clicking "Request More Info," found on the Stellar Lighting website under products for LineLite and "More Info," opened a webpage (https://www.stellar-lighting.com/contact) with "Contact Us" above "ABC Marketing – Stellar Lighting 4800 Eastland Dr. Elkhart, IN 46516," a phone number, and fax number are included, as well as names and direct contact information for multiple representatives or agents of ABC.

30.    The Contact Us webpage (https://www.stellar-lighting.com/contact) included the option to "Request a quote," "Place an order," "Product question," or "Other."  See the below image from the Contact Us webpage reflecting this.





31.    The above image is also from Contact Us webpage and included contact information "To Place Orders."

32.    The Stellar Lighting website shown above, included a link under the "Products" tab called "LineLite."   Clicking this link opened a webpage (https://stellar-lighting.com/LineLite) which advertised two pages of products.

33.    The first page of products included pictures of six products with the following labels:

      a.    LineLite/Undermount Lights

      b.    LineLite Track

      c.    Undermount Track

      d.    Track Cap (Wire Hide)

      e.    End Caps

      f.    RailLite

34.     The second page of products included a picture of an "Installation Tool," with a link to a webpage showing pictures of the "Installation Tool." One of these pictures shows the "Installation Tool" in use.  See the below "Installation Tool" found on the LineLite products webpage.









35.     Clicking on "End Caps" or "MORE INFO" underneath "End Caps" opened a webpage showing pictures of "End Caps."

36.     Clicking on "LineLite/Undermount Lights" or "MORE INFO" underneath "LineLite/Undermount Lights," opened a webpage showing pictures of "LineLite/Undermount Lights."

37.     Clicking on "LineLite Track" or "MORE INFO" underneath "LineLite Track" opened the same webpage previously shown showing pictures of "LineLite Track".

38.     The "LineLite Track" contains features covered by the '127, '396, '411, and '412 patents.

39.     The "LineLite Track" is an "Accused Product."

40.     The "End Caps," "LineLite Lights," and "Track Cap" are used together to form Accused Products.

41.     The "End Caps," "LineLite Lights," "Track Caps," and "LineLite Tracks" are not staple products and do not have any substantial non-infringing use.

42.     ABC sold "Track Caps," "End Caps," and "LineLite Lights" that are used to facilitate and accomplish infringing use.

43.     ABC used the sales of the "Track Caps," "End Caps," and "LineLite Lights" to induce others to purchase Accused Products.

44.     ABC Marketing advertised the Accused Products.

45.     ABC Marketing sold the Accused Products.

46.     ABC Marketing used the sales of the Accused Products to induce customers to purchase other related products contributing to infringement.

47.     ABC Marketing induced others to use the Accused Products sold by ABC together with other related products in an infringing manner.

48.     ABC developed products for sale on the Stellar Lighting website which included offers to sell the Accused Product.

49.     Defendant ABC held itself out to be a product developer and the contact for Stellar Lighting products.  Therefore, upon information and belief, Defendant ABC made, used, and/or distributed the Accused Product.

50.     On information and belief, Stellar Lighting shared and still shares the same physical address as Defendant ABC.

51.     Defendant ABC made available offers for sale, and sold the Accused Products online and across the United States.

52.     ABC advertised that it provided solutions "for the RV OEM and specialty vehicle OEM markets."

53.    On information and belief, ABC sells the Accused Products through the Stellar Lighting website.

54.    On information and belief, ABC induced manufacturers to buy products and install those products together in a manner that directly infringes one or more of Sigma's patents.

55.    ABC sold an "installation tool" that is used to facilitate and accomplish infringing use.

56.    ABC instructed its clients and/or customers to perform an infringing use of Sigma's patented technology.

57.    Defendant was made aware of the infringement of the '127, '396, '411, and '412 patents at least as early as the filing of this Complaint.

58.    Defendant has received letters regarding infringement of each of the aforementioned patents before filing of this action and those letters specifically identified those patents by number.

59.    Defendant has not offered to buy or license the '127, '396, '411, and '412 patents from Plaintiff.

60.    Defendant has acknowledged the existence of the patents.

61.    Defendant continues to sell the Accused Products.

62.    Defendant profits from the sale of Accused Products.

63.     Defendant continues to sell products related to the Accused Products.

64.    The sales of products related to the Accused Products are the result of selling the Accused Products.

65.    Example of products related to the Accused Products are: the Track Cap, End Cap, LineLite/Undermount Lights, and Installation Tool.

66.    The Track Cap and Installation tool are designed specifically to encourage

infringement.

## COUNT 1: DIRECT INFRINGEMENT OF THE '127 PATENT

67.    Paragraphs 1 through 66 of Plaintiff's Complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

68.    For reference, claim 1 of the '127 Patent generally covers a light holding system for use in an RV ceiling, said ceiling including a joist having a width and retaining strip having upstanding walls extending from a base, said upstanding walls defining a groove and said groove including retention nubs within said groove, said light holding system comprising:

an elongate light holder having wings defining an outer contoured surface and said wings having tips, a channel extending beneath said outer contoured surface, said channel including overhanging walls adjacent to said outer contoured surface, said channel having lateral walls and said lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, a ridge wall extending from a bottom surface of said bottom wall opposite said channel and said ridge wall including a retention barb, said wings being resiliently bendable between an uninstalled position and an installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a second distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position; and

an end cap having an outer shell and said end cap having a coped portion, said coped portion having a complementary fit with said outer contoured surface when said elongate light holder is inserted into said coped portion.

69.    In reference to the '127 patent, the "Accused Product" includes the LineLite Track

in combination with the End Cap.

70.     The Accused Product is used with a retaining strip that includes a base and upstanding walls defining a groove which includes retention nubs.

71.     The Accused Product is an elongate light holder that has wings defining an outer contoured surface:



72.     The wings of the Accused Product have tips.

73.     The Accused Product has a channel extending beneath the outer contoured surface.

74.     The channel includes overhanging walls adjacent to the outer contoured surface.

75.     The channel has lateral walls joined to a bottom wall, and the channel has an opening adjacent to the outer contoured surface.

 

Image taken from ABC Marketing's website.
Color has been altered to more clearly show the retaining strip present in the original image taken from ABC Marketing's website.

Original Image taken from ABC Marketing's website.  Unaltered version.

76.     The Accused Product includes a ridge wall extending from a bottom surface of the bottom wall opposite the channel. The ridge wall includes a retention barb.



77.     The wings of the Accused Product are resiliently bendable between an uninstalled position and an installed position.  When in an installed position, the tips of the wings are nearer to the opening than when in an uninstalled position.

78.     The Accused Product has an end cap that has an outer shell and a coped portion. The coped portion has a complementary fit with the outer contoured surface when the elongate light holder is inserted into the coped portion.



79.     The Accused Product's retention barb includes inclined surfaces and the catch

surfaces facing the bottom surface of the bottom wall.

80.    The overhanging walls of the Accused Product include inclined surfaces facing the outer contoured surface and adjacent to the outer contoured surface.

81.    The overhanging walls of the Accused Product have catch surfaces facing the bottom wall of the channel.

82.    These inclined surfaces and catch surfaces meet at terminal edges.  These terminal edges are nearer to each other than the lateral walls.



83.    The channel of the Accused Product is capable of receiving an LED light strip. When the wings are in the installed position, the lateral walls of the channel are biased against the LED light strip received within the channel.

84.    The Accused Product include a ridge wall that has a retention barb for engaging the groove of the retaining strip.  A portion of the retention barb is wider than the ridge wall.

85.    The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '127 Patent.

86.    Defendant, without authorization from Plaintiff, has directly infringed and continues to infringe at least one claim of the '127 Patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

87.     Defendant has made, offered for sale, or sold the infringing Accused Product after knowing of the '127 patent, and, unless enjoined by this Court, Defendant will knowingly and intentionally continue to engage in infringing behavior.

88.     Defendant's use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT 2: INDUCED INFRINGEMENT OF THE '127 PATENT

89.     Paragraphs 1 through 88 of Plaintiff's Complaint are incorporated into Count 2 of Plaintiff's Complaint as if fully set forth herein.

90.     Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the '127 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

91.     The Accused Product as installed with a retaining strip directly infringes at least one claim of the '127 patent.

92.     Defendant knew of the '127 patent when they encouraged Defendant's customers, resellers, or distributors to use the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the '127 patent.

93.     Defendant intended to encourage Defendant's customers, resellers, or distributors to directly infringe the '127 patent by using the Accused Product with retaining strips.

94.     Defendant had the specific intent to encourage infringement when it made, used, offered for sale, or sold the Accused Product.

95.     Defendant sold an installation tool that is used to install the Accused Product with a retaining strip.

96.    Defendant's instructions on how to use the installation tool instructs an infringing use of the Accused Products it sells.

97.    Defendant's instructions on how to use the installation tool show that Defendant intended to encourage others to directly infringe.

98.    Defendant continues to induce others to infringe at least one claim of the '127 patent.

99.    Defendant's customers' direct infringement of the '127 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

100.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '127 patent.

101.    Defendant's induced infringement of the '127 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

### COUNT 3: CONTRIBUTORY INFRINGEMENT OF THE '127 PATENT

102.    Paragraphs 1 through 101 of Plaintiff's Complaint are incorporated into Count 3 of Plaintiff's Complaint as if fully set forth herein.

103.    At all times relevant, Defendant had knowledge of the patent in suit.

104.    The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light.  The Accused Product contains features only useable for holding an LED light and serves no use apart from that application.  Defendant's customers only use the Accused Product with a retaining strip.

105.    Defendant knew that others were using the Accused Product for an infringing use with a retaining strip.

106.    Defendant continued to make, use, offer for sale, or sell the Accused Product to others who directly infringed the '127 patent.

107.    Defendant intended for others to infringe the '127 patent by offering for sale and selling other products to be used with the Accused Product in an infringing use.

108.    Defendant intended for others to infringe the '127 patent by offering for sale and selling the Accused Product and by offering for sale and selling an installation tool to be used to install the Accused Product with a retaining strip.

109.    Defendant provided product support and other information to customers to facilitate use of the Accused Product which directly infringes the '127 patent.

110.    Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the '127 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips in the United States.

111.    Defendant continues to contribute to direct infringement of at least one claim of the '127 patent.

112.    Defendant's contributory infringement of the '127 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

113.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement by others of the '127 patent.

## COUNT 4: DIRECT INFRINGEMENT OF THE '396 PATENT

114.    Paragraphs 1 through 113 of Plaintiff's Complaint are incorporated into Count 4 of Plaintiff's Complaint as if fully set forth herein.

115.    For reference, Claim 1 of the '396 Patent generally covers a light holding system

for use in an RV ceiling, said ceiling including a joist having a width and a retaining strip being fastened to said joist, said retaining strip having upstanding walls extending from a base, said upstanding walls defining a groove and said groove including retention nubs within said groove, said light holding system comprising: an elongate light holder having wings defining an outer contoured surface and said wings having tips, a channel extending beneath said outer contoured surface, said channel including overhanging walls adjacent to said outer contoured surface, said channel having lateral walls and said lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, a ridge wall extending from a bottom surface of said bottom wall opposite said channel and said ridge wall including a retention barb, said wings being resiliently bendable between an uninstalled position and an installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a first distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position.

116. In reference to the '396 patent, the "Accused Product" includes the LineLite Track.

117. The LineLite Track is for use with a retaining strip.

118. The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '396 Patent.

119. Defendant, without authorization from Plaintiff, has directly infringed and continues to infringe at least one claim of the '396 Patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

120.    Defendant has made, offered for sale, or sold the infringing Accused Product after knowing of the '396 patent, and, unless enjoined by this Court, Defendant will knowingly and intentionally continue to engage in infringing behavior.

121.    Defendant's use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT 5: INDUCED INFRINGEMENT OF THE '396 PATENT

122.    Paragraphs 1 through 121 of Plaintiff's Complaint are incorporated into Count 5 of Plaintiff's Complaint as if fully set forth herein.

123.    Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the '396 patent, in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

124.    The Accused Product as installed with a retaining strip directly infringes at least one claim of the '396 patent.

125.    Defendant knew of the '396 patent when they encouraged Defendant's customers, resellers, or distributors to incorporate the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the '396 patent.

126.    Defendant intended to encourage Defendant's customers, resellers, or distributors to directly infringe the '396 patent by using the Accused Product with retaining strips.

127.    Defendant had the specific intent to encourage infringement when it put the Accused Product into commerce by making, using, offering for sale, or selling the Accused Product.

128.    Defendant sold an installation tool that is used to install the Accused Product with a retaining strip.

129.    Defendant's instructions on how to use the installation tool instructs an infringing use of the Accused Products it sells.

130.    Defendant's instructions on how to use the installation tool, show that Defendant intended to encourage others to directly infringe the '396 patent.

131.    Defendant continues to induce others to infringe at least one claim of the '396 patent.

132.    Defendant's customers' direct infringement of the '396 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

133.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '396 patent.

134.    Defendant's induced infringement of the '396 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

### COUNT 6: CONTRIBUTORY INFRINGEMENT OF THE '396 PATENT

135.    Paragraphs 1 through 134 of Plaintiff's Complaint are incorporated into Count 6 of Plaintiff's Complaint as if fully set forth herein.

136.    At all times relevant, Defendant had knowledge of the patent in suit.

137.    The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light. The Accused Product contains features only useable for holding an LED light and serves no use apart from that application.  Defendant's customers only use the Accused Product with retaining strips.

138.    Defendant knew that others were using the Accused Product for an infringing use as installed with a retaining strip.

139.    Defendant continued to make, offer for sale, or sell the Accused Product to others who directly infringed the '396 patent.

140.    Defendant intended for others to infringe the '396 patent by offering for sale and selling the Accused Product and by offering for sale and selling an installation tool to be used to install the Accused Product to a retaining strip.

141.    Defendant provided product support and other information to customers to facilitate use of the Accused Product which directly infringes the '396 patent.

142.    Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the '396 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips in the United States.

143.    Defendant continues to contribute to direct infringement of at least one claim of the '396 patent.

144.    Defendant's contributory infringement of the '396 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

145.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement by others of the '396 patent.

### COUNT 7: DIRECT INFRINGEMENT OF THE '411 PATENT

146.    Paragraphs 1 through 145 of Plaintiff's Complaint are incorporated into Count 7 of Plaintiff's Complaint as if fully set forth herein.

147.    For reference, Claim 8 of the '411 Patent generally covers a light holding system for use with a retaining strip being fastened to a surface, said light holding system comprising:

an elongate light holder having wings defining an outer contoured surface and said wings

having tips, a channel extending beneath said outer contoured surface, said channel having lateral walls defining an internal width of said channel, said lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, said bottom wall having a bottom surface opposite said channel spaced from said bottom surface, said elongate light holder having a groove, said retaining strip having a ridge wall including a retention barb said wings being resiliently bendable between an uninstalled position and an installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a second distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position.

148.    In reference to the '411 patent, the "Accused Product" includes the LineLite Track.

149.    Defendant has installed the Accused Product in an infringing manner.

150.    The LineLite Track is for use with a retaining strip.

151.    The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '411 Patent.

152.    Defendant, without authorization from Plaintiff, has directly infringed and continues to infringe at least one claim of the '411 Patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

153.    Defendant has made, offered for sale, or sold the infringing Accused Product after

knowing of the '411 patent, and, unless enjoined by this Court, will knowingly and intentionally continue to engage in infringing behavior.

154.    Defendant's use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

<u>**COUNT 8: INDUCED INFRINGEMENT OF THE '411 PATENT**</u>

155.    Paragraphs 1 through 154 of Plaintiff's Complaint are incorporated into Count 8 of Plaintiff's Complaint as if fully set forth herein.

156.    Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the '411 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

157.    The "LineLite Track" as installed with a retaining strip directly infringes at least one claim of the '411 patent.

158.    Defendant knew of the '411 patent when they encouraged Defendant's customers, resellers, or distributors to incorporate the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the '411 patent.

159.    Defendant intended to encourage Defendant's customers, resellers, or distributors to directly infringe the '411 patent by incorporating the Accused Product with retaining strips.

160.    Defendant had the specific intent to encourage infringement when it put the Accused Product into commerce by making, using, offering for sale, or selling the Accused Product.

161.    Defendant sold an installation tool that is used to install the Accused Product with a retaining strip.

162.    Defendant's instructions on how to use the installation tool instructs an infringing use of the Accused Products it sells.

163.    Defendant's instructions on how to use the installation tool, show that Defendant intended to encourage others to directly infringe.

164.    Defendant continues to induce others to infringe at least one claim of the '411 patent.

165.    Defendant's customers' direct infringement of the '411 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

166.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '411 patent.

167.    Defendant's induced infringement of the '411 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

### COUNT 9: CONTRIBUTORY INFRINGEMENT OF THE '411 PATENT

168.    Paragraphs 1 through 167 of Plaintiff's Complaint are incorporated into Count 9 of Plaintiff's Complaint as if fully set forth herein.

169.    At all times relevant, Defendant had knowledge of the '411 patent in suit.

170.    The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light.  The Accused Product contains features only useable for holding an LED light and serves no use apart from that application.  Defendant's customers only use the Accused Product with retaining strips.

171.    Defendant knew that others were using the Accused Product for an infringing use as installed a retaining strip.

172.    Defendant continued to make, us, offer for sale, or sell the Accused Product to others who directly infringed the '411 patent.

173.    Defendant intended for others to infringe the '411 patent by offering for sale and selling the Accused Product and by offering for sale and selling an installation tool to be used to install the Accused Product with a retaining strip.

174.    Defendant provided product support and other information to customers to facilitate use of the Accused Product which directly infringes the '411 patent.

175.    Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the '411 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips.

176.    Defendant continues to contribute to direct infringement of at least one claim of the '411 patent.

177.    Defendant's contributory infringement of the '411 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

178.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement of the '411 patent by others.

## COUNT 10: INDUCED INFRINGEMENT OF THE '412 PATENT

179.    Paragraphs 1 through 178 of Plaintiff's Complaint are incorporated into Count 10 of Plaintiff's Complaint as if fully set forth herein.

180.    For reference, Claim 1 of the '412 Patent generally covers a light holding system comprising: a retaining strip; an elongate light holder having wings defining an outer contoured surface and said wings having tips, a channel extending beneath said outer contoured surface, said channel including overhanging walls adjacent to said outer contoured surface, said channel

having lateral walls and said lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, said bottom wall having a bottom surface opposite said channel, one of said bottom surface and said retaining strip having a ridge wall including a retention barb and the other of said bottom surface and said retaining strip having a groove including upstanding walls defining said groove and said groove including retention nubs within said groove, said wings being resiliently bendable between an uninstalled position and an installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a second distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position.

181.    In reference to the '412 patent, the "Accused Product" includes the LineLite Track.

182.    Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the '412 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

183.    The Accused Product as installed with a retaining strip directly infringes at least one claim of the '412 patent.

184.    Defendant knew of the '412 patent when they encouraged Defendant's customers, resellers, or distributors to incorporate the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the '412 patent.

185.    Defendant intended to encourage Defendant's customers, resellers, or distributors

25

to directly infringe the '412 patent by incorporating the Accused Product with retaining strips.

186.   Defendant had the specific intent to encourage infringement when it put the Accused Product into commerce by making, using, offering for sale, or selling the Accused Product.

187.   Defendant sold an installation tool that is used to install the Accused Product with a retaining strip.

188.   This installation tool, which does not have other non-infringing uses, shows that Defendant intended to encourage others to directly infringe.

189.   Defendant continues to induce others to infringe at least one claim of the '412 patent.

190.   Defendant's customers' direct infringement of the '412 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

191.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '412 patent.

192.   Defendant's induced infringement of the '412 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT 11: CONTRIBUTORY INFRINGEMENT OF THE '412 PATENT

193.   Paragraphs 1 through 193 of Plaintiff's Complaint are incorporated into Count 11 of Plaintiff's Complaint as if fully set forth herein.

194.   At all times relevant, Defendant had knowledge of the '412 patent in suit.

195.   The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light. The Accused Product contains features only useable for holding an LED light and serves no use apart from that application.  Defendant's customers only use the Accused Product with a retaining strip.

196.    Defendant knew that others were using the Accused Product for an infringing use as installed with a retaining strip.

197.    Defendant continued to make, us, offer for sale, or sell the Accused Product to others who directly infringed the '412 patent.

198.    Defendant intended for others to infringe the '412 patent by offering for sale and selling the Accused Product and by offering for sale and selling an installation tool to be used to install the Accused Product to a retaining strip.

199.    Defendant provided product support and other information to customers to facilitate use of the Accused Product which directly infringes the '412 patent.

200.    Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the '412 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips in the United States.

201.    Defendant continues to contribute to direct infringement of at least one claim of the '412 patent.

202.    Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement by others of the '412 patent.

203.    Defendant's contributory infringement of the '412 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and

grant the following relief:

a)     declaring Defendant has infringed the '396, '411, and '412, and '127 patents;

b)     an order permanently enjoining Defendant and all persons and entities acting in concert with Defendant, from manufacturing, using, selling and offering to sell the infringing product in the United States prior to the expiration of the '127, '396, '411, and '412 patents;

c)     declaring this case is exceptional within the meaning of 35 U.S.C. § 285;

d)     an award of damages adequate to compensate it for Defendant's infringement of the '127, '396, '411, and '412 patents including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

e)     awarding all costs and expenses of this action, including reasonable attorneys' fees; and

f)     awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

Dated: October 28, 2025

Respectfully Submitted,
BOTKIN & HALL, LLP

*s/ Michael D. Marston*
Michael D. Marston (26875-71)
mmarston@bhlawyers.net
Andrew J. Chabot (34537-71)
achabot@bhlawyers.net
1003 N. Hickory Road
South Bend, IN 46615
Tel.: (574) 234-3900
Fax: (574) 236-2839

*Attorneys for Plaintiff*